IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KITT CHANNING COOPER, JR.,**

    **Plaintiff,**

    v.

    Civil Action 2:23-cv-03753
    Magistrate Judge Elizabeth P. Deavers

**PAULA BISCHOFF, in her capacity as
Personal Representative of the Estate of
Wayne L. Willis,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Leave to File First Amended Answer and Counterclaim. (ECF No. 34.) Plaintiff filed a Memorandum in Opposition. (ECF No. 39.) Defendant filed a Reply. (ECF No. 40.) Plaintiff filed a Motion for Leave to File Sur-Reply. (ECF No. 41.) Defendant filed a Memorandum in Opposition. (ECF No. 42.) For the following reasons, Defendant's Motion (ECF No. 34) is **DENIED**, and Plaintiff's Motion (ECF No. 41) is **DENIED as moot**.

**I.    BACKGROUND**

Plaintiff initiated this suit on November 8, 2023. (ECF No. 1.) Defendant, representing the Estate of Wayne L. Willis, substituted in for Mr. Willis' co-guardians after Mr. Willis passed. (ECF No. 24.) Prior to this substitution, Mr. Willis' co-guardians, through counsel, filed an Answer and Counterclaim. (ECF No. 9.) Plaintiff filed an Answer to that Counterclaim. (ECF No. 11.) Any motions to amend pleadings were due by March 15, 2024. (ECF No. 8.) On January 24, 2025, Defendant sought leave of Court to file an amended Answer and Counterclaim. (ECF No. 34.)

**II.       STANDARD OF REVIEW**

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (cleaned up); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16, the Court will modify a case scheduling order "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting the 1983 advisory committee notes to Fed. R. Civ. P. 16). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not

2

prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15.  *Commerce*, 326 F. App'x at 376.  Rule 15 provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits."  *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotation marks and citation omitted).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)(2)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."  *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

The Court finds that Defendant fails to demonstrate good cause pursuant to Rule 16(b)(4).  While Defendant acknowledges that she must meet the Rule 16 good cause standard, she fails to provide any argument regarding her diligence in attempting to meet the case schedule and the potential prejudice to Plaintiff.  *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir.

3

2014) (affirming district court's denial of leave to amend pleading where the plaintiff did not "address whether she demonstrates 'good cause' to amend the case schedule, as required by Rule 16(b)"). Defendant instead argues the merits of her proposed amendment. (ECF No. 134, at PageID 155–58.)

Plaintiff, on the other hand, demonstrates that Defendant has not established good cause. (ECF No. 39, at PageID 293–95.) Moreover, Plaintiff clearly articulates prejudice in that this proposed amendment would be a wholesale reversal of course in this litigation after prior counsel's unequivocal representations at a substantial cost given Plaintiff's investments in pursuing the previous stategy. (*Id.* at PageID 295–97.)

In Defendant's Reply, she attempts to demonstrate diligence and lack of prejudice to Plaintiff for the first time. (ECF No. 40.) The Court, however, will not consider her arguments as they were made for the first time in her reply brief. *First State Bank v. Peoples Bank, N.A.*, No. 2:17-CV-1156, 2019 WL 13203282, at *4 (S.D. Ohio June 6, 2019) (not considering the plaintiff's "arguments addressing good cause under Rule 16(b) that were raised for the first time in its reply brief"); *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived."); *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004) ("This argument was raised for the first time in [the defendant's] reply brief, and this court has consistently held that we will not consider such arguments."). Accordingly, Defendant's Motion (ECF No. 34) is **DENIED**.

The Court need not reach Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 41) and **DENIES** it as **moot**.[1] Additionally, the court need not address whether leave to amend is

---

[1] The Court notes that Plaintiff correctly identifies the material contradiction between Defendant's Exhibit to her Reply and her Motion:

appropriate under Rule 15(a). *United States ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 331 (W.D. Tenn. 2012) ("Because the court finds no good cause to amend the scheduling order under Rule 16(b), it will not address whether leave to amend is appropriate under Rule 15(a)."); *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 456 (S.D. Ohio 2012) (stating that the court "need not address" whether the moving party satisfied the requirements of Rule 15(a) when she had not shown good cause under Rule 16(b)).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File First Amended Answer and Counterclaim is **DENIED**. (ECF No. 34.) Plaintiff's Motion for Leave to File Sur-Reply is **DENIED as moot**. (ECF No. 41.)

**IT IS SO ORDERED.**

**Date: August 1, 2025**         */s/ Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **UNITED STATES MAGISTRATE JUDGE**

---

> Defendant's Motion asserts that Mr. Willis had no knowledge of the February 17, 2023 correspondence sent by Mr. Willis' prior legal counsel "until recently." Yet, Mr. Willis' Declaration states that he knew that this letter was sent "shortly before the complaint was filed," i.e., before November 9, 2023. And according to Mr. Willis, he had discussions with prior litigation counsel in this case about the validity of legal arguments Defendant now wants to pursue in her proposed Amended Answer and Counterclaim.

(ECF No. 41, at PageID 312 (internal citations omitted)). If it would have been necessary to complete the analysis of Defendant's Motion, the Court would have permitted a sur-reply.